IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDERSON JESUS URQUILLA-RAMOS,

           Petitioner,

v.                                                                             CIVIL ACTION NO.   2:26-cv-00066

DONALD J. TRUMP, et al.,

           Respondents.

**ORDER TO SHOW CAUSE**

On January 7, 2026, Petitioner Anderson Jesus Urquilla-Ramos was "arrested, abruptly and without warning by a group of masked men purporting to be" Immigration and Customs Enforcement officers. [ECF No. 1, ¶ 1]. Petitioner was transferred to an unknown facility for immigration processing then detained at South Central Regional Jail in Charleston, West Virginia. *Id.* ¶¶ 3, 5, 28.

On January 28, 2026, Petitioner filed his Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. *Id.* ¶¶ 1, 7. Petitioner asks the court to enjoin Respondents from removing him from the district, order Respondents to immediately release him, and declare that Petitioner's arrest and detention was unlawful. *Id.* at 10–11.

According to the Petition, Petitioner is a 21 year-old national of El-Salvador and a noncitizen resident of the United States, who entered the United States as an unaccompanied minor in February of 2022. *Id.* ¶¶ 1, 8, 21. Petitioner alleges however, that his presence in the United States is lawful: he has a pending asylum case, a work permit, and a valid driver's license. *Id.* ¶¶ 3, 22–23, 31.

Although Petitioner was allegedly stopped for a traffic violation, he has not received a traffic citation or criminal charge of any kind. *Id.* ¶ 25. But twenty-two days later, he is still detained at a local state jail. The stop, arrest, and detention, Petitioner alleges, violates his Fifth Amendment Due Process Rights, the Immigration and Nationality Act, the Administrative Procedures Act, the Fourth Amendment, and regulations on arrest procedures under 8 C.F.R. § 287.8. *Id.* ¶¶ 29–55.

By statute the court must quickly resolve this matter:

> A court, justice or judge entertaining an application for a writ of habeas corpus *shall forthwith* award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto.

28 U.S.C. § 2243 (emphasis added). *See also* 28 U.S.C. § 1651 (All Writs Act); *Gonzalez-Pablo v. Mason*, 788 F. Supp. 3d 759 (S.D. W. Va. 2025) (Goodwin, J.); *Larrazabal-Gonzalez v. Mason*, No. 2:26-cv-00049, 2026 WL 221706 (S.D. W. Va. Jan. 28, 2026) (Goodwin, J.).

Accordingly, it is **ORDERED** that this case shall proceed as follows:

(1) Respondents **shall not remove or facilitate the removal** of Petitioner from the Southern District of West Virginia pending further order of the court;

(2) Respondents shall file a written response to this Order on why the Petition for Writ of Habeas Corpus should not be granted by **Monday, February 2, 2026, at 12:00 p.m.;**

(3) Petitioner shall file a reply by **Wednesday, February 4, 2026, at 12:00 p.m.;**

(4) A hearing on the matter shall be scheduled for **Thursday, February 5, 2026, at 11:00 a.m. in Charleston, WV** in front of this court; and

(5) Counsel for Petitioner shall ensure that Respondents are **IMMEDIATELY** served with the Petition, [ECF No. 1] and this Order to Show Cause.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel, any unrepresented party, and the United States Attorney's Office for the Southern District of West Virginia.

ENTER: January 29, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE