# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

ANDERSON JESUS URQUILLA-RAMOS,

        Petitioner,

v.                                      CIVIL ACTION NO.  2:26-cv-00066

DONALD J. TRUMP, et al.,

        Respondents.

## ORDER

On February 2, 2026, the Federal Respondents[1] notified the court that Petitioner had been transferred out of the district. [ECF No. 8]. The Federal Respondents assert that Petitioner was transported to Texas on a flight that departed at 1:33 p.m. January 29, 2026. [ECF No. 8, at 2]. The Federal Respondents further assert that they did not receive the Order staying the Petitioner's transfer, [ECF No. 3], until January 30, 2026, one day after he was transported out of the district.

The court then ordered the parties to respond to the transport, including whether it deprived this court of jurisdiction. [ECF No. 11]. The State Respondent[2] argued that he should be dismissed because Petitioner is no longer in his custody. [ECF No. 12]. The Federal Respondent argued that the court could retain jurisdiction or transfer the case. [ECF No. 13].

The Petitioner responded with a motion for contempt and order to show cause, [ECF No. 14]. Petitioner asserts that the Federal Respondents willfully violated the court's emergency stay order. *Id.* Petitioner also moves the court for the immediate return of the Petitioner, who is alleged to be housed in a detention facility in Tacoma, Washington. *Id.* at 2.

---

[1] Donald J. Trump, Brian McShane, Todd Lyons, Kristi Noem, and Pamela Bondi.
[2] Christopher Mason, Superintendent of South Central Regional Jail.

The court has reviewed the chronology of this case. The emergency stay order, [ECF No. 3], was filed on the docket at 12:23 p.m. on January 29, 2026, seventy minutes before the Petitioner's transport. But because no attorney had a chance to appear for the Respondents, the Respondents did not receive immediate notification through CM/ECF. Pursuant to the order, the Clerk's Office delivered a paper copy to the United States Attorney's Office ("USAO") for the Southern District of West Virginia that afternoon, likely after Petitioner had already been transported out of the district. The USAO did not "receive" the order until January 30, 2026, after the Petitioner had been transferred. [ECF No. 8-1].

Therefore, I cannot find that civil contempt is warranted. There is no evidence that the Respondents willfully violated the court's order. Petitioner's motion, **[ECF No. 14], is DENIED**.

The court, however, is concerned that the Federal Respondents allege that the Petitioner is in Texas, while Petitioner's counsel asserts that he is in Washington. The court, using the public ICE detainee locator, cannot locate the Petitioner. Accordingly, the Federal Respondents are **ORDERED** to file a response, **FORTHWITH**, confirming the location of the Petitioner and the federal judicial district in which he is detained.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel and any unrepresented party.

ENTER:   February 3, 2026

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE