IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

ANDERSON JESUS URQUILLA-RAMOS,

    Petitioner,

v.                            CIVIL ACTION NO. 2:26-cv-00066

DONALD J. TRUMP, et al.,

    Respondents.

**ORDER**

In response to the court's February 3, 2026 order, [ECF No. 18], the Federal Respondents[1] assert that the court retains jurisdiction over this case. [ECF No. 19]. The court agrees that the transfer of the Petitioner out of the district after he filed his Petition does not deprive the court of jurisdiction. *See Rumsfeld v. Padilla*, 542 U.S. 426, 447 (2004).

The Federal Respondents also assert that the court cannot *sua sponte* dismiss the Petition. Instead, they suggest, the court may dismiss the Petition if Petitioner files a voluntary dismissal. Alternatively, the court may transfer the case to a different judicial district, but only if all parties consent to transfer. 28 U.S.C. § 1404 ("For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."). Here, the court cannot transfer the case to the Western District of Washington because Petitioner could not have filed his petition for habeas corpus in that district as he was confined in the Southern District of West Virginia.

---

[1] Donald J. Trump, Brian McShane, Todd Lyons, Kristi Noem, and Pamela Bondi.

1

The only other way to transfer the case, then, would be the parties' consent. The Federal Respondents do not object to transfer of this case to the Western District of Washington. [ECF No. 19, at 4 n.1]. The Petitioner appears to object, or otherwise does not expressly consent to transfer of this case to the district in which he resides. [ECF No. 20].

Accordingly, the court cannot hold a hearing on this case until the Petitioner is returned to this district. "Unless the application for the writ and the return present only issues of law the person to whom the writ is directed shall be required to *produce at the hearing the body of the person detained*." 28 U.S.C. § 2243 (emphasis added). The case before the court presents both factual and legal issues, and the Petitioner's attendance is necessary for the court to "summarily hear and determine the facts, and dispose of the matter as law and justice require." 28 U.S.C. § 2243. Additionally, Mr. Urquilla-Ramos's presence in this district "will facilitate [his] ability to work with [his] attorney, coordinate the appearance of witnesses, and generally present [his] habeas claims," which arise from his stop in the Southern District. *Ozturk v. Trump*, 779 F. Supp. 3d 462, 495 (D. Vt. 2025), *aff'd sub nom., Ozturk v. Hyde*, 136 F.4th 382, 396 (2d Cir. 2025) (the district court did not lose its authority to order the custodial return of a petitioner under 8 § 1251(a)(2)(B)(ii), an immigration statute governing the review of detainee location). *See also Reyna as next friend of J.F.G. v. Hott*, 921 F.3d 204, 210 (4th Cir. 2019) (Section § 1251(a)(2)(B)(ii) does not strip "courts of jurisdiction to review transfer decisions." In fact, §1231(g), governing places of detention, "does not address transfers at all, nor does it explicitly grant the Attorney General or the Secretary of Homeland Security discretion with respect to transfers.").

Accordingly, Federal Respondents are **ORDERED** to arrange, effectuate, and facilitate the Petitioner's return to the Southern District of West Virginia **no later than February 12, 2026.** The Federal Respondents are **ORDERED** to notify the court when the Petitioner is returned.

Additionally, the Show Cause Hearing scheduled for February 5, 2026, is **CONTINUED** to **February 19, 2026, at 10:00 a.m.**

The court **DIRECTS** the Clerk to send a copy of this Order to counsel and any unrepresented party.

ENTER:    February 5, 2026

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE